**DOZART v. F. STRAUSS & SONS et al.**

No. 5566.

Court of Appeal of Louisiana. Second Circuit.

March 8, 1938.

Rehearing Denied April 1, 1938.

Hawthorn, Stafford & Pitts, of Alexandria, for appellants.

W. C. Roberts and John R. Hunter & Son, all of Alexandria, for appellee.

DREW, Judge.

This is a companion suit to No. 5565, styled Herman Dozart v. F. Strauss & Son, 180 So. 654, decided by us this date.

The damages sued for in both cases arose out of the same automobile accident. The facts of the two cases, for all intent and purposes of a decision, are the same. They were consolidated for trial below and here.

In case No. 5565, we found that defendants' negligence was the sole cause of the accident, and that they were liable for the damages sustained by plaintiff. For the reasons assigned in that case, we find the defendants liable to plaintiff herein for all damages caused her by the said accident.

Plaintiff was rendered unconscious by the accident. Her condition upon arriving at the hospital was as follows:

She was suffering from severe shock, was very pale, and her pulse rapid. She complained of pain in her chest. An examination revealed that she had a fracture of the first, third, fifth, sixth, seventh, and eighth ribs. The third, fifth, and sixth were fractured in two places. Plaintiff also had a fracture of the second cervical vertebra. The posterior part of the vertebra being involved, she was unable to turn her neck without a great deal of pain, and breathing caused her much distress. Plaintiff was confined in the hospital nearly two weeks, and her condition and the treatment necessary caused much pain. At the time of trial, the latter part of May, 1937, approximately four and one-half months after the accident, she had a complete union of all the fractures, but had some inability to move her neck. However, there had been much improvement. The physician who treated plaintiff is of the opinion she will be completely recovered from all injuries within a period of six or eight months after the accident.

The lower court awarded plaintiff judgment for $1,500, and she prays that it be increased. In her petition the damages claimed were itemized as follows:

Physical and mental shock, pain and suffering .............. $1,000.00
Physical injuries from fracture of ribs, second cervical vertebra, and injury to posterior spinous process .................... 2,500.00
Permanent injury and disability.. 2,500.00

The $1,000 prayed for, for shock, pain, and suffering, is not excessive and she is

entitled to recover that item. There are no permanent injuries or disability, and therefore nothing can be allowed on that score. There was no injury to the spinous process. For the injury to the second cervical vertebra, which has caused her inconvenience and annoyance, but which was not permanent, the sum of $500 is sufficient. The two above items are all she could recover and total the exact amount awarded her by the lower court. We think the award is correct, and the judgment is affirmed, with costs.

TALIAFERRO, J., dissents, giving written reasons.

TALIAFERRO, Judge (dissenting).

See dissenting opinion filed in case No. 5565, entitled Herman Dozart v. F. Strauss & Sons et al., La.App., 180 So. 654.